**In re GARFINCKELS, INC., Debtor.**

**Bankruptcy No. 90–00506.**

United States Bankruptcy Court,
District of Columbia.

Feb. 15, 1991.

See also 118 B.R. 154.

Stephen E. Leach, for debtor.

## DECISION CONCERNING APPLICATION FOR AUTHORITY TO TERMINATE RETIREE BENEFIT PLANS AND ORDER SETTING HEARING

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Garfinckels, Inc. ("Garfinckels"), the debtor in this case, has filed an application seeking various relief concerning 11 U.S.C. § 1114. The application will be denied except that the court will appoint a committee of retirees under 11 U.S.C. § 1114(d). The application asserts that 11 U.S.C. § 1114 does not apply to a Chapter 11 liquidation case and seeks on that basis to terminate Garfinckels's retirement benefit programs ("benefits") and to schedule the claims arising from such termination as general unsecured claims. In the alternative, even if § 1114 is applicable, Garfinckels moves (a) for appointment of a single committee of holders of such claims to negotiate the modification of the benefits pursuant to 11 U.S.C. § 1114(d), and (b) for termination of the benefits under 11 U.S.C. § 1114(h) during the negotiations as to modification of the benefits, pending issuance of a final order pursuant to 11 U.S.C. § 1114(g).

*Request to Hold § 1114 Inapplicable*

■ In support of its assertion that the benefits should be terminated despite 11 U.S.C. § 1114, Garfinckels states:

Since the filing of its Bankruptcy Code petition, Garfinckels's sole agenda has

been to wind up its affairs, liquidate its assets and equitably distribute the proceeds of the liquidation to its creditors. Garfinckels did not file its bankruptcy petition under Chapter 11 in order to reorganize its business, nor did it attempt to sell the business as a going concern. Rather, within days of its filing, Garfinckels sold its inventory to a liquidator who ran a going out of business sale under the "Garfinckel's" name. Garfinckels also undertook to sell its remaining assets, including, without limitation, its trademarks, furniture, fixtures, equipment, fur storage business, and real property leases. The principal distinction between this Chapter 11 liquidation and a Chapter 7 liquidation is that the Garfinckels management has administered the liquidation itself. In all substantive respects, this is a liquidation case. Consequently, it is appropriate that Garfinckels be able to terminate Benefits and schedule claims arising from the termination as general unsecured claims.

Accepting the debtor's characterization of the case, however, this does not make 11 U.S.C. § 1114 inapplicable. Under 11 U.S.C. § 1114(e)(1), the trustee (here the debtor-in-possession acting as trustee) is required timely to pay and not modify retiree benefits except (A) after notice and a hearing under subsections (g) and (h) of § 1114 or (B) pursuant to an agreement with the retirees' authorized representative. Any payment of retiree benefits thus required that comes due before a confirmed plan is effective has the status of an allowed administrative expense. 11 U.S.C. § 1114(e)(2). Nothing in 11 U.S.C. § 1114(e)(1) or (2) suggests that Congress intended the provision to be inapplicable to a Chapter 11 liquidation case.

But under 11 U.S.C. § 1114(g)(3) the criteria for non-consensual modification of retiree benefits include the requirement that "such modification is necessary to permit the reorganization of the debtor." As stated in *In re GF Corp.*, 115 B.R. 579, 585 (Bankr.N.D.Ohio 1990), "[t]his criterion, so key to the congressional consideration of this provision, is robbed of its meaning

when the debtor proposes to liquidate or where ... the [debtor's] intention to liquidate is made evident by the necessary sale of substantial assets before plan confirmation." Section 1114 simply was not written with a liquidating Chapter 11 plan in mind. Senator Metzenbaum, discussing the modification of retiree benefits, asserted that "[m]odifications should be ordered by a court only if necessary to avoid liquidation, and the amount of modifications ordered should be only those necessary to avoid liquidation." 134 Cong.Rec. H3, 486 (May 23, 1988) (statement of Sen. Metzenbaum).

The obvious congressional inattentiveness to liquidating Chapter 11 cases does not make § 1114 inapplicable to such cases. Agreement can still be reached with the retirees' authorized representative. If such agreement can not be reached, then the debtor can proffer a proposed modification and the court will then be confronted with the question of interpreting the language of the statute, inartfully written, at best, in the case of a liquidating Chapter 11 case. If no modification is possible, a conversion to Chapter 7 (although perhaps undesirable) may result. The debtor makes numerous arguments why in a liquidation case, modification should be permitted. Those arguments must await an actual motion to modify. The debtor's arguments that applying § 1114 does not make good policy here are more properly a matter for legislative consideration by Congress. A committee will be appointed and the court will await the outcome of negotiations with that committee.

### Interim Termination Request

■ The debtor represents that it has no unencumbered funds at present with which to pay certain retiree benefits. Nevertheless, it seeks an order under § 1114(h)(1) to terminate those benefits pending the outcome of negotiations with the committee of retirees. An interim order under § 1114(h)(1) can only be granted "if essential to the continuation of the debtor's business, or in order to avoid irreparable damage to the estate." Garfinckels is not conducting a business and no harm would

arise to the estate unless payments were made to the retirees, something the debtor is incapable of doing because it has no unencumbered funds. *In re GF Corp.*, 115 B.R. 579 (Bankr.N.D.Ohio 1990) (§ 1114 does not require payments from encumbered funds); *In re Jones & Lamson Mach. Co., Inc.*, 102 B.R. 12 (Bankr.D. Conn.1989) (same). There is a prospect of unencumbered funds coming into the estate via preference suits by the creditor's committee. But there is no suggestion that substantial efforts will be undertaken by the creditor's committee on such preference suits prior to resolution of Garfinckels' negotiations with the retiree committee and decision of any motion under § 1114(g). There is nothing in § 1114 that would prohibit modification, pursuant to an agreement being reached under § 1114(e)(1)(B) or a motion being granted under § 1114(g), from applying to those benefits that have arisen before the agreement is reached or the motion has been granted. Retroactive modification could well be necessary to meet the goals of the statute. In these circumstances, no harm will befall the estate by denying termination now on an interim basis as to benefits currently accruing.